**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TERRANCE ANTHONY DAUGHERTY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-937-GPM |
| | ) |
| **SYLVIA MANONE and MS BEASLY,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Terrance Anthony Daugherty, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently confined at the Pinckneyville Correctional Center in Pinckneyville, Illinois, brings this action *pro se* for: deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983, negligence, and battery. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides in relevant part:

> (a) Screening.–The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), *citing Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

In this complaint, Mr. Daugherty alleges that Ms. Beasley, a certified medical technician (CMT) at Pontiac Correctional Center, refused to distribute cold medication to him (Doc. 1-1 at 3). Mr. Daugherty's complaint directs the Court to his grievance report, where he stated that Ms. Beasley informed him that he could not receive cold medication without first rendering a co-pay (Doc. 1-1 at 3). Mr. Daugherty claims that his request for cold medication was prompted by a cold he contracted due to general prison conditions and "other inmates who passed on the germs" (*Id.*). He also alleged that he had vomited, and his saliva had "specks of blood in it" (*Id.*). He further claims that Sylvia Manone, medical director of the Pontiac Correctional Center and Ms. Beasley's supervisor, acted with deliberate indifference, negligence, and battery by enforcing a policy that CMTs must perceive symptoms of a cold before they issue cold pills to prisoners (Doc. 1 at 5). Mr. Daugherty did file a grievance, which was denied by the Grievance Officer and affirmed by the

Chief Administrative Officer and the Director. Mr. Daugherty appealed, and IDOC responded on September 13, 2010, further denying the grievance (Doc. 1-1 at 7).

An action under 42 U.S.C. § 1983 provides a remedy for violations of a person's constitutional rights by persons acting under color of state law. *See* 42 U.S.C. § 1983; *Greco v. Guss,* 775 F.2d 161, 164 (7th Cir. 1985). Mr. Daugherty's allegation of deliberate indifference to a serious medical need does implicate his rights under the Eighth Amendment and are thus cognizable in a suit under Section 1983. *See* U.S. CONST. amend. VIII; *Knight v. Wiseman,* 590 F.3d 458, 462-63 (7th Cir. 2009). However, "negligence, even gross negligence" does not rise to the level of "deliberate indifference." *McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010). Therefore, it is not the case that "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (7th Cir. 1997). Judge Posner succinctly explained:

> Deliberately to ignore a request for medical assistance has long been held to be a form of cruel and unusual punishment…but this is provided that the illness or injury for which assistance is sought is sufficiently serious or painful to make the refusal of assistance uncivilized.…A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue–the sorts of ailments for which many people who are not in prison do not seek medical attention–does not by its refusal violate the Constitution.

*Cooper v. Casey,* 97 F.3d 914, 916 (7th Cir. 1996). Mr. Daughery's claim in no way rises to the level of Constitutionally-violative deliberate indifference. Apropos of Mr. Daugherty's claim here, the Seventh Circuit has specifically held that "failure to treat a common cold [does] not constitute deliberate indifference to a serious medical need." *Gutierrez,* 111 F.3d at 1372, *citing Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir. 1980). That is the end of the inquiry. The Court has read all of Mr. Daugherty's submitted paperwork and finds no evidence of any misconduct by prison medical

staff. By Mr. Daugherty's own account, prison medical personnel merely wanted him to exhibit symptoms of a cold and/or pay for "cold pills" before they doled them out. In addition to the deficient Eighth Amendment claim, Mr. Daugherty fails to state a claim upon which relief could be granted for a supplemental negligence or battery claim.

Accordingly, the Court finds, pursuant to 28 U.S.C. § 1915A, Mr. Daugherty's claim fails to state any claim on which relief may be granted. The action is thereby **DISMISSED with prejudice.** Mr. Daugherty is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: 12/16/10

S/_____
G. PATRICK MURPHY
United States District Judge